IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV185-02-V
(3:94CR110-3-V)

| | | |
|---|---|---|
| **WILLIAM HAMMOND,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |
| _____) | | |

**THIS MATTER** is before this Court upon the petitioner's document captioned as a "Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. §2255 And Pursuant To Rule 35," filed April 30 2007. For the reasons stated herein, the petitioner's entire Motion will be <u>dismissed</u> as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record of the petitioner's underlying criminal case, on July 6, 1994, a Bill of Indictment was filed, charging the petitioner and two other men with five offenses related to their attempt to blow up an automated teller machine.[1] At his arraignment proceeding, the petitioner entered "not guilty" pleas and requested a jury trial.

On May 17, 1995, the petitioner's jury trial got underway.

---

[1] Count One charged a violation of 18 U.S.C. §371; Count Two charged a violation of 26 U.S.C. 5871; Count Three charged a violation of 26 U.S.C. 26 U.S.C. §5861; Count Four charged a violation of 18 U.S.C. §844(i); and Count Five charged a violation of 18 U.S.C. §924(c)(1).

At the conclusion of that one day trial, the petitioner was convicted on all charges. Consequently, on October 5, 1995, the Court held a Sentencing Hearing in this matter. On that occasion, the Court sentenced the petitioner to a term of 120 months imprisonment on Counts One through Four, and to a consecutive term of 30 years imprisonment on Count Five. Also on that date, the petitioner's post-judgment Motions for a New Trial, for Arrest of Judgment and for Judgment of Acquittal all were denied.

The petitioner's Judgment was filed in his case on March 7, 1996, and he timely noted an appeal to the Fourth Circuit Court of Appeals. On appeal, the petitioner argued that his conviction and punishment under both 18 U.S.C. §§844(I) and 924(c) violated the Fifth Amendment's Double Jeopardy Clause; and that his 480-month sentence violated the Eight Amendment's prohibition against cruel and unusual punishment. United States v. Hammond, No. 96-4231, slip op. at 1 (4th Cir. Feb. 11, 1997).

Upon its review, however, the Circuit Court rejected the petitioner's Fifth Amendment claim, concluding that his sentence actually was sanctioned by the legislature inasmuch as it had enacted measures which allowed for cumulative punishments for convictions under both §§844 and 924. Id. Furthermore, the appellate Court also rejected the petitioner's Eighth Amendment claim, concluding that he was not even entitled to proportionality review for his sentences since the total term was less than a

2

term of life imprisonment without the possibility of parole.  Id.
at 2.  Accordingly, the petitioner's convictions and sentences
all were affirmed.  The appellate Court's mandate was filed on
March 10, 1997.

The petitioner did not seek certiorari review at the U.S.
Supreme Court.  Rather, after the passage of more than three
years, the petitioner filed a second "Notice of Appeal" with this
Court.  However, upon its review of the matter the Court of
Appeals summarily dismissed the petitioner's appeal, finding that
it already had given him all of the direct review to which he was
entitled.  In addition, the appellate Court found that even if
the petitioner had not already been given a direct appeal, he
still could not have obtained any direct review by his second
appeal because it was far too late for such review.  See United
States v. Hammond, No. 01-8066, slip op. at 1 (4th Cir. March 28,
2002).

Next, on August 9, 2002, the petitioner filed a Motion to
Modify his sentence, contending that during his Sentencing
Hearing the Court actually had announced a 30-month term for his
§924© conviction, not a 30-year term.  Not surprisingly, however,
on September 2002, the Court entered an Order denying the peti-
tioner's Motion to Modify.  In particular, the Court explained
that the petitioner's 30-year sentence was required by statute;
therefore, that term was deemed proper.

Now, by the instant Motion to Vacate--filed some ten years after the Fourth Circuit Court of Appeals affirmed his convictions and sentences--the petitioner seeks to argue that his conviction under §924(c) was imposed in violation of the ruling announced by the U.S. Supreme Court in <u>Bailey v. United States</u>, 516 U.S. 137 (1995); and that the sentencing enhancements which were imposed upon him are unconstitutional in light of the High Court's decision in <u>United States v. Booker/Fanfan</u>, 543 U.S. 220 (2005).

For its part, however, the Court has determined that the instant Motion to Vacate is subject to dismissal as being time-barred.

## II. **ANALYSIS**

Indeed, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

4

> if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

According to the Court's records, the Court of Appeals entered the mandate by which the petitioner's convictions and sentences were affirmed on March 10, 1997, and the petitioner did not seek certiorari review in the U.S. Supreme Court for those matters. Consequently, under pertinent precedent, the petitioner's convictions and sentences became final on June 9, 1997, that is, at the expiration of the 90-day period during which the petitioner could have sought certiorari review. See Clay v. United States, 537 U.S. 522 (2003) (holding that petitioners are entitled to have the 1-year statute of limitations period extended by the time during which they could have sought direct review by certiorari petition to the U.S. Supreme Court). That having been the case, the petitioner had up to and including June 9, 1998 in which to file the instant Motion to Vacate. Obviously, however, this Motion was not filed by that date.

Apart from his claims, the petitioner properly has recognized that this Motion to Vacate likely would be construed as time-barred. That is, included in his Motion is a section captioned as "Petitioner requests that time frame not be used as deciding

5

factor in not granting." Within that section, the petitioner contends that the one-year time limit "is not on issue" in this case because other jurisdictions have permitted petitioners to file their motions to vacate beyond the one-year limitations period. The petitioner further argues that his Motion should not be deemed time-barred because his 30-year sentence was imposed based upon a "misapprehension of the law."

Notwithstanding his beliefs to the contrary, however, the petitioner's explanation falls far short of establishing that his Motion was timely filed. To be sure, the petitioner has failed to point this Court to a single case in this Circuit which stands for the proposition that challenges of the kind which he seeks to make can be raised in a collateral proceeding such as this without regard for the one-year limitations period set forth in the AEDPA.

Moreover, this Court has conducted its own research on the matter, and has not identified any Circuit precedent to support that assertion. Indeed, this Court is not even aware of any Circuit precedent which stands for the proposition that something as compelling as a showing of actual innocence can overcome the AEDPA's one-year limitations period.

Rather, as was noted in <u>Panhorst v. United States</u>, 241 F.3d 367 (4th Cir. 2001), "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with

6

respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.". To put it another way, it would fly in the face of the AEDPA's express purpose of promoting finality to allow petitioners to calculate their limitations periods as running from dates which are beneficial to them without regard for the rule of law. Thus, the petitioner's arguments that his Motion to Vacate somehow was timely filed, purportedly based upon either the law in other jurisdictions and/or the nature of his challenges is feckless.

Furthermore, even if the Court were to calculate the petitioner's limitation period as having run from the date of his second, unsanctioned appeal, such calculation would have no impact on this case. That is, the mandate for the dismissal of the petitioner's second appeal was filed June 24, 2002. Therefore, even if the Court were to add an additional period of one year and 90 days to that date, the instant Motion should have been filed no later than September 22, 2003--more than three years ago.

Moreover, the petitioner has failed to show the existence of any "rare instances" which would make it unconscionable for this Court to enforce the limitations period against him. Consequently, the time during which the petitioner delayed bringing this Motion cannot be equitably tolled. See Rouse v. Lee, 339 F.3d

7

238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

Finally, as to the portion of his Motion which was brought under Rule 35, the Court finds that effort also must be rejected. To be sure, the petitioner's Motion is far outside of the seven day limitation set forth for Motions under Rule 35(a). Furthermore, it is the petitioner, not the government, who is seeking a reduction in his sentence. Therefore, even if the Court deemed this Motion to have been timely filed, the petitioner cannot properly seek a reduction under Rule 35(b).

### III. CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute. Here, the petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed. Nor is the petitioner entitled to any relief under Rule 35. Accordingly, the petitioner's so-called "Motion To Vacate . . . Under 28 U.S.C. §2255 And Pursuant To Rule 35" shall be dismissed as time-barred.

There can be no doubt that the thirty year consecutive mandatory term imposed as part of the sentence in this case, in particular, is harsh as applied to the petitioner, yet it

8

represents the Congressional intent and the Court has been unable to detect a flaw in the process whereby petitioner may be afforded relief.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate under 28 U.S.C. §2255 and Pursuant to Rule 35 is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: May 10, 2007

Richard L. Voorhees
United States District Judge