**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:94cr110**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **WILLIAM HAMMOND.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Re-sentencing [Doc. 106], filed on June 8, 2007.[1]

On July 6, 1994, the Defendant was charged in a five-count indictment, along with two co-defendants, with attempting to blow up an automated teller machine. Count One of the Indictment charged the Defendant with conspiracy to commit attempted bank larceny and the bombing of personal property affecting interstate commerce, in violation of 18 U.S.C. § 371. Count Two charged the Defendant with possession of a destructive device, and aiding and abetting, in violation of 26 U.S.C. §§ 5845(a) and (f), 5861(c), 5871, and 18 U.S.C. § 2. Count 3 charged the Defendant with possession of

---

[1] Less than one month later, the Defendant filed an identical motion [Doc. 107], seeking the same relief. These motions shall be treated as one.

a destructive device which was not properly registered, and aiding and abetting, in violation of 26 U.S.C. §§ 5841, 5845(a) and (f), 5861(d), 5871, and 18 U.S.C. § 2.  Count 4 charged the Defendant with malicious damage and destruction by means of an explosive device to an automated teller machine, and aiding and abetting, in violation of 18 U.S.C. §§ 844(i) and 2.  Count 5 charged the Defendant with the use of a destructive device during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2.

Following a jury trial, on May 18, 1995, the Defendant was found guilty of all five counts in the Indictment.  A Presentence Investigation Report was prepared on July 14, 1995, using the 1994 edition of the Guidelines Manual.  Pursuant to U.S.S.G. § 3D1.2(b), Counts 1, 2, 3, and 4 were grouped together for Guideline calculation purposes, with the offense level for the most serious count being the offense level for the group.  The probation officer calculated the greatest offense level to be for Counts 2 and 3, which involved substantially the same harm and therefore were grouped together pursuant to U.S.S.G. § 3D1.2.  The base offense level for Counts 2 and 3 was calculated to be 20, since the Defendant was a prohibited person, and the offense involved a firearm listed in 26 U.S.C. § 5845(a).  See U.S.S.G. 2K2.1

(1994). Two levels were added pursuant to U.S.S.G. § 2K2.1(b)(3), since the offense involved a destructive device. An additional four levels were added pursuant to U.S.S.G. § 2K2.1(b)(5), since the Defendant possessed a destructive device in connection with another felony offense. Accordingly, the probation officer calculated the Defendant's adjusted offense level to be 26. With a criminal history category of VI and a total offense level of 26, the guideline range for imprisonment was 120 to 150 months for Counts 1-4. As for Count 5, the mandatory term of imprisonment imposed by statute was 30 years, consecutive to any other term of imprisonment imposed.

The Defendant was sentenced on October 5, 1995 to 120 months of imprisonment on the first four counts, to be served concurrently, followed by a consecutive term of thirty years for Count 5. [Doc. 78].

On June 8, 2007, the Defendant filed the present Motion for Re-Sentencing pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 106]. In this motion, the Defendant contends that the increase of his base offense level pursuant to U.S.S.G. §§ 2K2.1(b)(3) and 2K2.1(b)(5) was impermissible double counting in light of Amendment 599 of the United States Sentencing Guidelines. The Government has filed a response [Doc. 121], agreeing that Amendment 599 applies in this case. The parties also are in agreement that

3

retroactive application of Amendment 599 would lower the applicable sentencing range for Counts 1-4 from 120-150 months to 70-87 months. [Docs. 106 at 3, 121 at 2].

Amendment 599 went into effect on November 10, 2000. The Amendment changed Application Note 2 of U.S.S.G. § 2K2.4 to read, in pertinent part, as follows:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.
>
> \* \* \*
>
> If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under § 2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or § 2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a).

18 U.S.S.G. Appx. C. Amend. 599. By adopting Amendment 599, the Sentencing Commission "intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm." 18 U.S.S.G. Appx. C, Amend. 599. Amendment 599 is a clarifying amendment, and a district court may give it retroactive effect to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). United States v. Goines, 357 F.3d 469, 480 (4th Cir. 2004).

As the Court noted in Boyd v. United States, No. 3:07cr134, 2007 WL 2949578 (W.D.N.C. Oct. 10, 2007), the Fourth Circuit qualified its decision in Goines in two significant respects. First, the Court stated that "a defendant may rely on a clarifying amendment to support a § 3582(c)(2) motion, so long as the amendment . . . would result in application of a sentencing range lower than the range applied at the original sentencing proceeding." Boyd, 2007 WL 2949578, at *1 (quoting Goines, 357 F.3d at 480). Second, the Court "did not remove the district court's discretion to deny a motion for sentence reduction after reviewing the 18 U.S.C. § 3553(a) factors, but simply held that the district court must consider the factors without automatically precluding review." Boyd, 2007 WL 2949578, at *1.

Retroactive application of Amendment 599 in the instant case would lower the applicable sentencing range for Counts 1-4 from 120-150 months to 70-87 months. As the Defendant was originally sentenced at the bottom of the guidelines range, the Court concludes that the Defendant's sentence on Counts 1-4 should be amended to 70 months. The 30-year term for Count Five, however, is mandatory and consecutive, and remains unchanged. With the amended sentence for Counts 1-4, the Defendant's total sentence of imprisonment will be 430 months (70 months + 360 months). Upon review of the § 3553(a) factors, the Court finds that the amended 430-month sentence is sufficient but not greater than necessary to accomplish the goals set forth in § 3553(a).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Re-sentencing [Doc. 106] is **GRANTED**. An Amended Judgment consistent with this Order will be simultaneously entered herewith.

**IT IS SO ORDERED.**

Signed: April 8, 2009

Martin Reidinger
United States District Judge